Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000055
14-AUG-2013
10:04 AM

NO. CAAP-12-0000055

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
MICHAEL STASZKOW, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO DIVISION
(CASE NO. 3DTA-10-03518)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Michael Staszkow (Staszkow) appeals from the Notice and Entry of Judgment and Order (Judgment) entered on December 30, 2011 in the District Court of the Third Circuit, North and South Hilo Division (District Court).[1] After a bench trial, the District Court found him guilty of one count of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-

---

[1] The Honorable Harry P. Freitas presided.

61(a) (Supp. 2012),[2] and sentenced him to pay a $150 fine plus various fees and take a mandatory driver's education class.

On appeal, Staszkow argues the following:

(1) The District Court clearly erred by finding that "the margin of error allowed for accuracy tests under [Hawaii Administrative Rules (HAR)] § 11-114-7(a)(5)[3] was inapplicable to the actual breath result that [Staszkow] provided on the date of the offense." Staszkow cites primarily to State v. Boehmer, 1 Haw. App. 44, 613 P.2d 916 (1980), to support this point.

(2) The District Court erred when it admitted into evidence Officer Andres Fojas's (Officer Fojas) opinion testimony that he determined Staszkow was impaired based on his performance on the standardized field sobriety tests (SFSTs). Staszkow cites to State v. Toyomura, 80 Hawai'i 8, 24, 904 P.2d 893, 909 (1995),

---

[2] HRS § 291E-61(a) provides:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

(2) While under the influence of any drug that impairs the person's ability to operate the vehicle in a careful and prudent manner;

(3) With .08 or more grams of alcohol per two hundred ten liters of breath; or

(4) With .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood.

[3] HAR § 11-114-7(a)(5) provides:

(a) Every accuracy test procedure shall be approved by the DUI coordinator in writing and shall include, but not be limited to the following requirements:

. . . .

(5) Reference sample test results which vary from the target value by more than plus or minus 0.01gm alcohol /210 liters or plus or minus ten percent, whichever is greater, shall be cause for the breath alcohol testing instrument used to be removed from service until the fault has been corrected[.]

and State v. Ito, 90 Hawai'i 225, 244, 978 P.2d 191, 210 (App. 1999), to support this point.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Staszkow's points of error as follows:

(1) Any error the District Court committed in finding that the margin of error set forth in HAR § 11-114-7(a)(5) was inapplicable to Staszkow's Intoxilyzer 5000 (Intoxilyzer) test result was harmless. The test result would have been competent evidence of Staszkow's guilt under HRS § 291E-61(a)(1), even if the court had applied this margin of error. See HRS §§ 291E-61 & 291E-3(b)(2) (Supp. 2012). Boehmer is inapplicable here because no evidence was adduced regarding the Intoxilyzer's margin of error. 1 Haw. App. at 45-46, 613 P.2d at 917-18.

(2) The District Court did not abuse its discretion by admitting into evidence Officer Fojas's testimony that based on Staszkow's performance on the SFSTs, Staszkow was impaired. The State laid a sufficient foundation for the introduction of the testimony pursuant to Toyomura, 80 Hawai'i at 26, 904 P.2d at 911. The State was not required to demonstrate that Officer Fojas's SFST training met National Highway Traffic Safety Administration's requirements. Cf. Ito, 90 Hawai'i at 244, 978 P.2d at 210 (holding that it must be shown that the officer administering the test was "duly qualified to conduct the test and grade the test results.")

Therefore,

IT IS HEREBY ORDERED that the Notice and Entry of Judgment and Order entered on December 30, 2011 in the District

3

Court of the Third Circuit, North and South Hilo Division is affirmed.

DATED: Honolulu, Hawai'i, August 14, 2013.

On the briefs:

Brian J. De Lima and
Francis R. Alcain
for Defendant-Appellant.


Terri L. Fujioka-Lilley,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4